## FLETCHER v. POLLEY.
### No. 2066.

Court of Appeal of Louisiana. First Circuit.
Jan. 30, 1940.

S. I. Foster, of Leesville, for appellant.

Kay & Kay, of DeRidder, for appellee.

OTT, Judge.

Plaintiff asks for an injunction to prevent the sheriff of Vernon Parish and the defendant, Polley, from selling a horse, saddle and bridle seized under a writ of execution issued on a judgment for $91 rendered in favor of said Polley and against Joseph C. Fletcher on February 24, 1939.

The plaintiff is the son of the said Joseph C. Fletcher against whom the writ of execution was issued on said judgment. Plaintiff in this suit claims that he purchased said horse, saddle and bridle in the State of Texas in August, 1937, for the sum of $145, and that he used said horse in Newton County, Texas, as a range rider until the latter part of March, 1938, when he returned to Vernon Parish, bringing said horse with him. There can be little dispute as to the above facts as to the purchase and ownership of the property by the plaintiff in this suit.

In December, 1937, while plaintiff was in Texas using said horse as a range rider, his father, Joseph C. Fletcher, purchased from the defendant, Polley, forty acres of land for a consideration of $200 cash and the assumption of a federal farm loan thereon of $400. The title to this land was put in the name of Fletcher's two major sons, plaintiff herein, and R. C. Fletcher. The two sons made the cash payment, except the sum of $91, and on the day that Polley executed a deed to the land (the whole transaction being handled by Joseph C. Fletcher for his sons who did not sign the deed) Joseph C. Fletcher took it upon himself to give Polley a bill of sale of the horse with a clause therein that if said Joseph C. Fletcher should pay Polley the sum of $91 within six months, the bill of sale was to be null and void.

The father, Joseph C. Fletcher, did not tell Polley that the horse belonged to his son, plaintiff herein, nor did he advise Polley that the horse was in possession of plaintiff in Texas, and that the horse had never been in Louisiana. Neither did plaintiff know that his father had given this bill of sale to Polley for the balance of $91 on the purchase price of the land until plaintiff returned to Louisiana some three or four months later.

Plaintiff did know that his father had purchased the land for him and his brother, and that all of the cash purchase price had not been paid, but he did not authorize his father to give Polley a bill of sale on his horse to secure this balance of $91. After returning to Louisiana, plaintiff lived on the land off and on with his father and did not advise Polley that his father did not own the horse after he learned that his father had given the bill of sale.

Nothing further occurred until Polley filed a suit against Joseph C. Fletcher and, on February 24, 1939, secured a judgment against him for $91 with recognition of a lien and privilege on the horse, saddle and bridle as the property of Joseph C. Fletcher as security for the payment of said amount and ordered the property seized and sold to pay the judgment. Plaintiff was not made a party to that suit and, of course, he could not be bound by said judgment either in condemning Joseph C. Fletcher in a

money judgment or in recognizing a lien and privilege on the horse.

The trial judge rendered judgment recognizing plaintiff as the owner of the horse, saddle and bridle, and enjoined the seizure and sale thereof under the writ issued on the judgment in favor of Polley and against Joseph C. Fletcher. Polley has appealed.

■ As there is no question but that plaintiff was and is the owner of the property seized under a judgment against Joseph C. Fletcher, it is obvious that his property cannot be sold to satisfy a judgment against his father unless he authorized him to execute the bill of sale to secure the debt. Not only does the evidence fail to show any special authorization on the part of plaintiff for his father to give a bill of sale on this property as security, but, on the contrary, the evidence shows that he knew nothing of it until several months afterwards. Authority to encumber or hypothecate property must be expressed and special. C.C. art. 2997.

■ It is contended that by accepting the purchase of the land made by his father on his behalf, plaintiff has thereby ratified the act of his father in giving security on the horse for the balance of $91 on the purchase price of the land. But it must be remembered that Joseph C. Fletcher did not execute the bill of sale as agent for his son. Nowhere in the bill of sale does it purport to bind plaintiff herein to sell the horse or pay $91 to Polley within six months. If this bill of sale could be construed as security-for the payment of $91 to Polley by Joseph C. Fletcher, the obligation on its face is that of Joseph C. Fletcher and not the obligation of plaintiff, and was so accepted and recognized by Polley himself. Indeed, Polley has reduced that obligation to a judgment against Joseph C. Fletcher alone, and the latter is his debtor for the amount specified in the bill of sale.

Regardless of the question of the admissibility of parole evidence to prove an agency on the part of Joseph C. Fletcher to purchase the land for his sons, the question here is whether or not plaintiff expressly and specially gave his father authority to secure the balance of $91 by giving security on plaintiff's horse. As already stated, this he did not do. Nor would the ratification of the purchase of the land carry with it the ratification of the bill of sale.

■ It is further contended that plaintiff has received and accepted the benefits accruing to him by reason of the unauthorized act of his father in attempting to give this horse as security for the balance due on the land, and therefore, under Article 3303 of the Civil Code, plaintiff may now be compelled to ratify and execute the unauthorized act of his father. But this is not an action to bind him for such an act executed by his father in his behalf, but the action grows out of an effort on the part of Polley to collect a judgment which he has against Joseph C. Fletcher as his judgment debtor. So far as the record shows, Polley has never attempted to hold plaintiff responsible for the payment of this balance of $91, but apparently has been content to accept Joseph C. Fletcher as his debtor for the amount.

Finding no error in the judgment, the same is hereby affirmed.